Doe ex dem. BRITTON *vs* LAWRENCE and CLARK.

If in the Records of a proprietors' meeting, it be stated that such meeting was legally warned and holden, it is not only *prima facie* evidence that such meeting was legally warned, but is also *prima facie* evidence that the different articles of business acted upon at such meeting, were inserted in such warning.

Parol evidence cannot be admitted to explain proprietors' records, or to add what might have been omitted in making up such records

If a plaintiff in Ejectment rely on the proprietors' records to shew that the lands in question were severed to his right, he must shew by the records that such severance was made agreeably to the statute regulating proprietors' meetings.

THIS was an action of ejectment for fifty acres of land, being the north half of Lot No. 14 in the 2d division of lands in Weybridge.

On the trial, the plaintiff proved a title in his lessor to half of the right of Z. D. one of the grantees in the charter of Weybridge. The counsel for plaintiff further stated, that in the division of the town of Weybridge, the fifty acres in question had been legally voted by the proprietors, to the settler on the half right of Z. D. owned by the lessor of the plaintiff.

To prove this, the proprietors' records were produced, which began with reciting that " At a meeting legally warned and holden, &c."

The counsel for defendant objected that the meeting of the proprietors was in fact illegal, although it was to be taken, *prima facie,* from the records, to have been legal, and to impeach the legality of the meeting, offered to prove, that it had ever been the opinion of the proprietors that the meeting was illegal.

*By the Court.* Records expressing a meeting of proprietors to have been legally warned and holden, have always been considered in this Court, *prima facie* evidence of the legality of the meeting— it may be impeached, but this cannot be admitted from slight presumptions and vague opinions. If you would impeach the legality of the meeting in this case, you must point out particularly wherein it was illegal, and support it by legal evidence.

It was further contended by the counsel for the defendant, that the law empowering proprietors to vote to settlers their lots, in lieu of their draughts, required that it should be done only at a meeting.

*Addison*,
January,
1797.

Britton
*vs.*
Lawrence
and Clark.

warned for that purpose; and to entitle the plaintiff to read such vote, it was necessary for him to shew that an article was inserted in the warning, notifying the proprietors that it was intended to pass such vote.

*By the Court.* Upon this record, the meeting must be taken to have been legally warned, for the purpose of passing every vote which had been passed at the meeting, unless the contrary be shewn.

The counsel for plaintiff then read a vote of the proprietors, to assign one half of Lot No. 14 to the right of Z. D. and the other half to the right of M. J. The next vote was to assign the whole of No. 14 to the right of Z. D. and another vote to assign No. 42 to the right of M. J. A survey of No. 14 was then read. This Lot, in a former attempt at a division of the town of Weybridge, had been drawn to the right of Z. D.

For the plaintiff, was read in evidence, to prove a division of the town of Weybridge—1st, A vote from the proprietors' records for two divisions ;—the first division to consist of one acre—the second of one hundred acres.—A vote, appointing a committee to make a plan and survey. 2d, An allotment and survey. There was also offered, a paper, purporting to contain minutes of a draught of a division of lands in Weybridge, in which, more than forty rights were minuted, as exempt from the draught. On the back of the paper was written, " Voted the within proprietors, as settlers.

" A. W. *Proprietors' Clerk.*"

The counsel for plaintiff, further offered parol evidence, to explain, as they expressed it, and reconcile the records, by shewing that the vote, as recorded, assigning half of Lot No. 14 to the right of Z. D. was never, in fact, passed, but was entered by the Clerk through mistake, and to shew that those who were the owners of the rights voted to settlers, were settlers in fact.

The counsel for defendant objected to the paper and minutes offered—that they were not authentic ; and to the parol evidence, to supply or vary the record.

*By the Court.* The paper purporting to contain minutes of a draught ought not to be read in evidence, as it does not appear to

*Addison,*
*January,*
*1797.*

*Britton*
*vs*
*Lawrence*
*and Clark.*

have been recorded as an act of the proprietors, or from any thing which accompanied it, to contain any matters acted upon at a proprietors' meeting.    The endorsement by A. W. proprietors' Clerk, was not, under the circumstances, sufficient to warrant such conclusion.    As to the other point, the Court are of opinion, that parol proof is not admissible to reconcile or explain the record, or to add what was omitted by the proprietors' Clerk.    That if such records might in any way be impeached by parol evidence, (which is not necessary in this case to decide) certainly no addition can be made by parol.    The record, on the face of it, must appear to be good and sufficient : if an ambiguity should arise from parol, it might also be explained by parol.    It is not admissible to prove that forty rights and more, were voted to the owning settlers, in which case alone the proprietors had power to except from the draft.    It would destroy all confidence in such records, were it admitted to curtail and supply them on occasion, from the accidental, and often treacherous recollection of witnesses.

On the part of the defendants it was proved, that Clark, one of the defendants, had a good title to half of the right of Z. D. and the right of M. J. in Weybridge.

*D. Chipman* for plaintiff.

*Darius Chipman* and *Miller* for defendants.

CHIPMAN, Ch. J., in his charge to the Jury, observed, that as the defendants were in possession, it was necessary that the plaintiff should make out a good title in every point, before he could remove the defendants.—That although the lessor of the plaintiff appeared to own the half of an undivided share in Weybridge, yet he had failed in proving a right to the fifty acres demanded, as the north half of Lot No. 14, drawn and divided to the right of Z. D.—That no legal division had been shewn.

The proprietors had proceeded legally in warning their meeting, and voting to make their division, and in making a survey and plan of their allotment; but their subsequent proceedings did not appear to be warranted by any law.    No draft in fact has been shewn. Three or four votes have been produced assigning particular lots, and parts of lots to particular rights.    But the lots were not voted to any persons, as settlers, in lieu of their drafts.    For aught that ap-

14

*Addison,*
*January,*
*1797.*

*Britton*
*vs*
*Lawrence*
*and Clark.*

pears, it was a mere arbitrary disposition of the lots to serve the interest of ⸱ part of the proprietors.

Proprietary divisions are made solely by authority of the statute, and are valid so far only, as they are made in conformity to that authority.    That in this case there could be no pretence that the proceedings of the proprietors were in conformity to the statute.

Verdict for defendants.