JOHN ANDREWS vs. RUFUS CHASE.

In an action of *trespass de bonis asportatis*, if the defendant took the goods as highway surveyor, it is sufficient to set forth in the plea the authority for the taking.

If the authority was abused so as to make the defendant a trespasser *ab initio*, such abuse must be set forth in the replication.

If the defendant, in his plea, set forth such facts as shew that he is a trespasser *ab initio*, the plaintiff may demur; but he is not to be so considered because he omits to state in his plea a regular course of proceedings with the goods after taken.

A highway surveyor duly elected and sworn, is competent to discharge the duties of the office, although it does not appear on record that he was sworn.

A justice of the peace is authorized to administer the oath of office to a town officer out of town meeting.

In collecting a highway tax, the surveyor, after giving three days notice to the person assessed, may, on his neglect, levy and collect the tax by distress.

In a plea of justification under a warrant for the collection of a tax, it is sufficient to state that the warrant was *directed* to the surveyor by a justice of the peace, commanding him, &c. without averring particularly that it was signed by the justice.

This is an action of *trespass de bonis asportatis*. The defendant plead in bar a justification on the ground that the goods were taken by him as surveyor of highways, for the satisfaction of plaintiff's road taxes.

To this plea the plaintiff demurred specially, and assigned the following causes, to wit:

1st, That it appears, from the said plea, that the said Rufus Chase, was sworn faithfully to perform all the duties of surveyor of District No. 26, in all things according to law, on the 17th June, A. D. 1831, by a justice of the peace in and for said County of Windham, and not by one of the selectmen or town clerk of said town of Whitingham, as he ought to have been—a justice of the peace not having authority to administer oaths to town officers after the meeting at which they are chosen is dissolved.

2d, That it does not appear from said plea that said Rufus Chase was at all, faithfully to discharge the office of highway surveyor, only to perform all the duties of surveyor of District No. 26.

3d, That it does not appear from said plea that the said Rufus Chase was sworn at all, faithfully to execute and discharge the office of highway surveyor, of any

52

WINDHAM,
February,
1833.

Andrews
vs.
Chase.

district in the town of Whitingham, while both plaintiff and defendant were inhabitants of said town of Whitingham.

4th, That it does not appear from said plea that the said Rufus Chase was sworn faithfully to execute, or to a faithful discharge of the office of highway surveyor for any highway district for the year commencing on the fifth day of May, 1831, or any other period of time—that being time in which he attempts to justify the taking of the property mentioned in the plaintiff's declaration.

5th, That it does not appear from said plea that the said Rufus Chase was legally chosen highway surveyor of *any highway district* in the town of Whitingham, at said annual March meeting, in the year 1831.

6th, That it does not appear from said plea, that at the time mentioned in the plaintiff's declaration, there was any record made in the town clerk's office in the town of Whitingham, that the said Rufus Chase was duly sworn to a faithful discharge of the office of highway surveyor of District No. 26 in the town of Whitingham, for the year commencing on the first day of May, 1831.

7th, That it does not appear from said plea, that at the time mentioned in the plaintiff's declaration, there was any certificate filed with the town clerk of the town of Whitingham, certifying that the said Rufus Chase was duly sworn faithfully to execute, or to a faithful discharge of the office of highway surveyor of highway District No. 26, in said town of Whitingham, for the year commencing on the first day of May, 1831.

8th, That it does not appear from said plea, that the said Rufus Chase, in the capacity of highway surveyor for District No. 26 in said town of Whitingham, for the year commencing on the first day of May, 1831, and after the refusal of the said John Andrews to work out his taxes or rates, as alleged by said plea, gave the said John Andrews six days notice of the sum at which he was assessed in the rate or tax bill mentioned in said plea, and of the time and place he would attend to receive said rates or taxes before making the distress mentioned in the defendant's plea.

9th, That it does not appear from said plea, at what time

WINDHAM,
February,
1833.

Andrews.
vs.
Chase.

the warrant mentioned in said plea was issued by said justice, or that the same was then in force.

Joinder in demurrer.

*Roberts & Kellogg, for plaintiff.*—1st. It is hardly necessary to remark, that under these pleadings the plaintiff can avail himself of every *substantial* defect in the defendant's plea, and of every defect of *form* which is specified in the demurrer.—1 Chitty, 642.—1 Saunders, 337, *b. n.* 3.—Tidd's Practice, 641.

2d. It is insisted that if the first taking of the property was legal; yet if it appears that the subsequent proceedings of the officer, in relation to the property, were not legal, it constitutes him a trespasser *ab initio.*—7 Mass. R. *Purrington* vs. *Loring,* 338.—7 do. *Winslow* vs. *Loring,* 392.

3d. It does not appear by the pleadings, that the defendant was ever sworn as required by law; and without which, he could not legally act.

4th. It does not appear from the pleadings, that the property was ever advertised, as required by law.—Statute, 430, Sec. 7—do. 401, Sec. 4.

*Wm. C. Bradley, for defendant.*—Although a special demurrer attaches to matters of form, yet if the plea contains sufficient to amount to a defence, the demurrer shall not prevail: and in setting up the defence, it is enough, certainly, if it is done to a common intent.—1 Chitty, 236, 513.

The defendant contends, that there is sufficient matter averred with such certainty as to meet the causes of demurrer; for,

1. The Justice is expressly authorized to administer the oath generally to town officers [Stat. 411, § 9]
2. "faithfully to perform all the duties of highway surveyors," is equivalent to "faithful discharge or execution of the office,"
3. the district No. 26 having been repeatedly before set up as in Whitingham, and the parties inhabitants thereof, the defendant could not be *highway surveyor* thereof, unless it was a highway district; and when it is said that he was sworn as surveyor of district No. 26, it must have reference to the subject matter.—

WINDHAM,
*February,*
1833.

Andrews
*vs.*
Chase.

Besides, on a fair construction of Stat. 429, § 6, & 431, § 9, he could not have been appointed to a district in which he did not reside; and therefore the oath would be good for that dtstrict, and that alone.

4–5–6. The choice at the annual March meeting is averred certainly : the commencement of the office arises from the intendment of law, [Stat. 434, § 20] and need not be stated. An oath to discharge *all* the duties of an office, is an oath to discharge them while his office continues.

7–8. Neither record [Stat. 411, § 10] nor filing certificate [Stat. 412, § 11] are made pre-requisites of acting in the official capacity; although the neglect of the latter may involve a penalty.

9. The sameness of proceeding [Stat. 430, § 7] between constable and surveyor, extends only to *levying* and *collecting*— not to the time of demand, which is expressly made different.—[Stat. 401, § 3. Stat. 429, § 6.

10. Where the warrant is not set forth in the very words of the Statute, [Stat. 429, § 6] the particulars thereof are accurately set forth.

11. The proceedings posterior to 1st February, 1832, which is the time laid in the declaration, are surplusage, and need not be examined.

The opinion of the Court was pronounced by

WILLIAMS, J.—This is an action of *trespass* for taking goods. The defendant pleads in bar a justification that he took the goods as highway surveyor, to satisfy a highway tax which he had against the plaintiff to collect. To this plea there is a special demurrer.

As the plaintiff complains only of an illegal taking, and does not complain of any farther illegal act of the defendant, either as a distinct injury, or as matter of aggravation, if the plea shews a sufficient authority for the taking, it is all that can be required.

If a defendant relies in justification of a trespass either on an authority in law or in fact, it is sufficient to set forth this authority in his plea. If by an abuse of an authority in law, he becomes a trespasser *ab initio,* or if an authori-

ty in fact is exceeded, so as to be no justification for what was done further than the authority warranted, such abuse, or such excess, must be set forth in a replication.

A defendant may, however, in his plea, set forth such proceedings on his part, as will shew him to be a trespasser *ab initio.* As if in justifying the taking on an execution or warrant, for the collection of taxes, he should state that he sold the property taken at private sale, the plaintiff, to such a plea, might demur, and it would not be necessary to point out the abuse by a replication. But if in stating his proceedings after the taking he neglects to state those steps which he ought to have taken in order to render his proceedings regular, it is a mere omission ; and as it was not necessary for him to set forth any thing more than would justify the taking ; so if he neglect to state his after proceedings, or does state them defectively, he is not on that account to be treated as a trespasser from the beginning.

If the defendant was justified in taking the property of the plaintiff to satisfy the tax in question, the plaintiff cannot treat him as a trespasser, because he has omitted to state a regular course of proceeding with the property after the taking. This answers the objection to the regularity of the sale, made on the ground that the defendant has not set forth that the property was duly posted, or that the place where sold, to wit, the store of A. & C. Austin, is not described as a public place, and disposes of all the objections to the plea under the general demurrer.

Our attention is then called to the objections to the plea particularly pointed out, and without examining them numerically, they will all be considered by examining the law in relation to the appointment and duty of highway surveyors. The selectmen must divide the town into districts, and a surveyor for each district must be appointed by the town. When appointed, the surveyor must take the oath required, and then is competent to act as such, and to do all the duties required of him by law. This oath may be taken before the town clerk, one of the selectmen, or a justice of the peace. The authority to administer the oath is expressly given by the ninth section of the act regulating town meetings, &c. Without any such

WINDHAM,
February,
1833.

Andrews
vs.
Chase.

authority, the judicial character of a justice of the peace would authorize him to administer this oath. When the person appointed to any office is not present, it is made the duty of the selectmen to cause him to be notified to appear and take the oath. The form of this notice contemplates that the person is to appear before the town clerk or one of the selectmen; but we have no doubt that if the person appointed voluntarily and without compulsory process submits to take the oath, he may do it before the town clerk, one of the selectmen, or a justice of the peace; and that the authority given in the section of the statute before mentioned, to a justice of the peace, to administer the oath of office, authorizes him to administer it as well out of town meeting as in. When the officer is sworn at any other time except in town meeting, and before any other officer than the town clerk, it is then his duty to file a certificate of his being so sworn, with the town clerk, or he subjects himself to a penalty, and also to the inconvenience of proving that he is sworn, if at any subsequent period it becomes necessary; but still he is competent to act when sworn, and he may prove that he is sworn by other evidence than by the record. The duty of a highway surveyor in collecting a tax, is clearly defined by statute. As the tax may be paid in labor, he must give each person taxed three days notice before the time for doing the work (Sec. 6 of act relating to highways.) If not paid in labor, he may then levy and collect in the same manner as constables are directed to collect state taxes.—(Sec. 7.)

In the levying and collecting state taxes, the constable must give six days notice to each inhabitant or resident in his town, taxed in the assessment or rate-bill, of the amount of the tax, and of the time and place when he will attend to receive the same, before he can levy the same by distraining goods or chattels. By comparing the two statutes, it is apparent that in the one case, as the tax is to be paid in labor, a demand or notice of only three days is required; and in the other, a demand of six days is required. In both cases, it is a demand of payment; in labor in one case, and in money in the other. A neglect to pay, equally subjects the person owing the tax to a distress to com-

WINDHAM,
*February*,
1833.

Andrews
*vs.*
Chase.

pel the payment. It cannot by any possible construction of the statute, be considered as the duty of a highway surveyor, first to demand the payment of the tax in labor, and after three days again demand payment in money, and then wait six days further before he can proceed to levy on property to enforce the payment of the tax.

This general view of the duty of a surveyor of highways, answers several, if not all the objections which are raised to the defendant's plea of justification, by the special demurrer. There were some further objections urged in the argument, which may require a brief notice. It was said that the plea does not set forth that the defendant was sworn to the faithful discharge of the office of highway surveyor of any highway district in Whitingham; but as the plea does state that the defendant was appointed surveyor of district No. 26 in Whitingham, and states that he was sworn faithfully to perform the duties of surveyor of district No. 26, it must be understood to be the district before mentioned, and of course, a district in the town of Whitingham.

It is also contended, that it is not stated in the plea, that the warrant to the defendant for the collection of the tax, was signed by the magistrate, Amos Brown; but, as it is said a warrant was annexed to the rate-bill directed to the defendant as surveyor, by Amos Brown, a justice of the peace, commanding him to levy and collect, &c. it implies that the warrant was issued and directed in the manner in which they are usually issued and directed, and of consequence that it was duly signed and directed in the usual way.

The Court consider that the defendant has sufficiently set forth in his plea, his appointment as surveyor of a regular highway district in Whitingham—that he was duly sworn as such—that he had a tax-bill and a warrant duly issued thereon, commanding him to collect the same—that the plaintiff was assessed in a sum of money for a highway tax—that the defendant demanded the tax in labor, or gave the plaintiff the regular notice to work out the same, and on the plaintiff's neglect and refusal to pay the tax, the defendant, by virtue of his tax-bill and warrant, and to enforce the payment of the tax, seized and took the property, for the taking of which, this action is brought. This

February,
1833.
————————
Andrews
vs.
Chase.

justifies the taking, and entitles the defendant to a judge-ment. The plea in bar is adjudged sufficient, and

The judgement of the County Court must be affirmed.