WILLIAM P. BRIGGS vs. SAMUEL WHIPPLE.

In a plea of justification, by a collector, under a rate-bill and warrant to collect a tax, voted by a town, it is not necessary to set forth the purposes for which the tax was voted. Nor is it necessary to allege, that the town was a corporation, or to show any charter of incorporation.

This was an action of trespass, *de bonis asportatis,* brought against the defendant, who was collector of taxes for the town of Richmond. It came before the court upon a special demurrer to the defendant's plea in bar. The substance of this plea will be found incorporated into the opinion of the court. The following causes were assigned.

1. Because the said plea does not allege, that the town of Richmond is a corporation, empowered by law to assess and collect taxes of the inhabitants within its limits.

2. Because it is not alleged, in and by said plea, that the said William P. Briggs was liable, by law, to pay taxes in the said town of Richmond, on the said third day of January, 1832.

3. Because the said plea does not set forth the purpose for

CHITTENDEN,
January,
1835.

Briggs
vs.
Whipple.

which said tax was raised; nor is it in and by said plea alleged, that the said tax was raised for any or either of the purposes, for which towns may, by law, vote, assess and collect taxes; nor are the purposes for which towns may, by law, vote, assess and collect taxes, set forth in said plea.

And also, for that no certain or material issue can be taken upon the said plea. And also, for that the said plea is, in other respects, uncertain, informal and insufficient.

Joinder by the defendant.

*Plaintiff, pro se.*—1. The plaintiff can avail himself of any substantial defect in the defendant's plea, and of any defect of form which has been assigned as cause of demurrer.—1 Chitty, 642. 1 Saun. 337, b, n. 3.

2. The purpose for which the tax was raised, or to be raised, is not stated in the plea in bar.

3. It is not stated in the defendant's plea, that the tax was raised for any of those purposes for which towns may vote, assess and collect taxes.

4. Nor is it alleged, that the said town of Richmond voted a legal tax.

5. It does not appear from the pleadings, that the plaintiff was legally liable to pay the tax voted on the 31st Dec. 1831.

6. And if this court are bound to take notice, officially, of a corporation by the name of the town of Richmond, they are also bound to take notice of the statute, which limits their jurisdiction.

7. The plea being silent as to the purpose for which the tax was raised, the court is not to presume it was for a legal purpose, because nothing is to be presumed in favor of authorities of limited jurisdiction.—1 Vt. Rep. 81, *Bates* vs. *Hazeltine and Chipman*, and the authorities there cited. 4 Vt. Rep. 601, *Water* vs. *Davis*.

8. He who attempts to justify the taking of his neighbor's property, by virtue of some law, must show himself within all the provisions of that law.

9. It is not alleged, that the rate-bill was certified or signed by the select-men, or that it was a legal one.

10. It is not alleged, that the rate-bill and warrant were directed to the constable, Whipple, by the select-men or any one else.

11. The plea does not state the manner in which the defendant disposed of the property distrained. Saying he disposed of it according to law, is not sufficient. He should state particularly his doings, and the court are to judge whether or not it is disposed of

according to law.—*Hawes* vs. *Maynard*, 9 Mass. 242. *Brewster* vs. *Jones*, 7 Mass. 288.    Story Plead. 108.

CHITTENDEN,
January,
1835.

Briggs
vs.
Whipple.

*C. Adams for defendant.*—1. It is distinctly stated in the plea, that the plaintiff was an inhabitant of Richmond, having taxable property and a list in said town.

2. It was not necessary to aver in the plea, that the town of Richmond was a corporation empowered by law to assess taxes.

The plea alleges, that, at a meeting, &c. the inhabitants voted, &c.    This is all that is usually done, and all that is requisite.    Intendments of law should never be stated, and there are many things which courts are bound to presume from other facts stated. Thus in this case, from the fact, that the inhabitants of Richmond, in town meeting, lawfully assembled, voted &c., the court will infer that they were legally authorized to vote.    In declaring upon, or justifying under a judgment, it is never alleged that the cause of action was within the jurisdiction of the court; and the law is the same, whether the court is of limited or general jurisdiction.    If the opposing party wishes to contest the power of the court, he can reply a void judgment.

3. It was not necessary to set forth the purpose for which the tax was raised, nor to aver in the plea, that the purpose was within the legitimate power of the town.    The defendant is a public officer, and entitled to the favorable notice of the court.    All that can be required of the constable is, to show from the records of the town a *prima facie* legal tax; and if the plaintiff, who is an inhabitant of the town, wishes to controvert the tax, he should put the legality of the meeting in issue.

The acts and doings of all public bodies are presumed to be within their jurisdiction.    This is an intendment of law, applicable as well to municipal corporations, as to courts and legislatures. Pleading would become intolerably prolix, if the grounds and purposes of their acts were to be thus spread out.    In declaring upon or justifying under an act of the legislature, or judgment of a court, no one ever thought of setting out their jurisdiction, or the preliminary proceedings on which the act or judgment is founded.    The act or judgment simply is set forth.    If there is any difference, municipal corporations are entitled to greater latitude of presumption, from the fact that they have not the same facilities for keeping accurate records.    It was not necessary, therefore, to set out the warning, nor the doings of the meeting, *in extenso*.    It was sufficient to aver, that, at a meeting legally warned and holden, it was voted, &c.

3

It would seem, from an examination of the statute, that towns, at their annual March meetings, might vote taxes without any article in the warning to that effect; probably from the fact, that all the inhabitants are then presumed to be assembled. At least, there is no law requiring such notice. The statute, (p. 414,) provides, that when meetings are called, other than in the month of March, a notification shall be set up, containing the subject of the business, and the design of the meeting; but this requirement would be satisfied, by saying the design was to raise a tax, without detailing the objects to which the tax was to be devoted. From the fact, that the doings of this same meeting have frequently been before the courts, it has become matter of public notoriety, that the notification was particular and the doings of the meeting detailed at large; but we contend the constable was by no means bound to set them forth in his plea.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This case comes before us on a demurrer to the defendant's plea in bar. All that is required in a plea of this nature is, that the facts, which justify the taking, should be stated. If the taking was justifiable, by virtue of a regular warrant, and the defendant neglected to proceed with the property distrained, so as to become a trespasser, *ab initio*, such neglect should be set forth in the replication. It was wholly unnecessary for defendant to state his proceedings subsequent to the taking.— *Andrews* vs. *Chase*, 5 Vt. Rep. 409. The general allegation, that in all things the defendant proceeded according to law, would unquestionably have been bad, if it was necessary for him in his justification to state any thing which he did with the property after he first took it. But as this was not necessary, if the plea is without objection in other respects, it must be adjudged sufficient. The plea in justification states, that he, the defendant, was appointed a collector, qualified and sworn;—that the plaintiff was an inhabitant of the town of Richmond, having taxable property therein;—that at a meeting of the inhabitants of said town of Richmond, legally warned, &c., they voted a tax of twelve cents on the dollar, on the list of 1831;—that the select men made out a rate-bill of said tax, apportioned the same to the several persons liable to pay taxes in the town, and that, among others, the plaintiff was assessed, or his tax apportioned, at the sum of three dollars and ninety-two cents, in said rate-bill;—that a warrant was issued by a justice of the peace, directed to the defendant, as collector of said tax, com-

CHITTENDEN,
*January,*
1835.

Briggs
*vs.*
Whipple.

manding him to collect the same ;—that he, as collector, applied to the plaintiff, showed him the rate-bill, and requested payment ;—that plaintiff refused ;—that he gave notice when he would attend to receive said tax ;—that he attended at the time and place, demanded payment of the plaintiff, and on his neglect and refusal to pay the tax aforesaid, he entered upon the premises and levied on the horse in question.

The sufficiency of these allegations, or of this plea, is now to be determined. It is objected to it, that there is no allegation that the town of Richmond is a corporation, or that the plaintiff was liable to pay taxes, and that the purpose for which the tax was voted is not stated. Certain other informalities have also been objected to, but the real controversy between the parties is stated in the foregoing objections.

With respect to the first objection, it may be observed, that, although it may be generally true, that where a justification is relied on, founded upon the acts of a corporation, the existence or charter of incorporation must be set forth, especially where the corporation is a private one, or created for private purposes; and although it has been considered, that this principle extends to some corporations, created by public laws, for a limited or particular purpose, as in the case of a school district ; yet the principle cannot be extended to the political corporations, created by our public statutes, principally for public purposes, and not for the special benefit of the members of the same. Towns are corporations of this nature. Their corporate powers are given by public statutes, and are of public notoriety. Their corporate existence or powers are not derived from their charter, which is rather a grant of land than a charter of incorporation, the grantees of which, and who are owners of the soil, may be wholly different from the persons who are inhabitants of the town. The persons residing within the territorial limits of a town are made members, not on their petition or request, but without their consent ; and are required to perform duties for the benefit of the whole public, such as making and repairing roads, building bridges, and taking care of the poor, within their territorial limits. As a branch of the government, and as a corporation or institution, created for public and political objects, not by a charter, but by a public and general statute ; courts must take notice of their existence, and recognize their powers and privileges. It is not, therefore, necessary to set forth in a plea, either their existence, or their authority as a town. The liability of the plaintiff is sufficiently stated in the plea, where it is asserted,

CHITTENDEN,
January,
1835.

Briggs
vs.
Whipple.

that he was an inhabitant of the town, having taxable property and a list therein; that a rate-bill was made out, and he assessed in the sum therein mentioned. His liability to pay a tax, lawfully voted and assessed, was an inference of law from these facts there stated.

But although these corporations are public, and their powers set forth in the statutes, yet the acts and votes of the corporation are not so; and it is more doubtful, whether it was not necessary for the defendant, in his plea of justification, under a vote of the town laying a tax, to state for what purpose it was granted or voted. This presents a more formidable objection to the plea.

There is no doubt, that if the tax is illegal for want of power in the town to vote it, as if voted for a purpose wholly foreign to the objects for which towns are created corporations, the vote would afford no justification to the officer collecting the tax. The statute contemplates this, by providing a remedy for the collector against the town, when he is made liable on account of the illegality in granting a tax. Neither can there be any doubt, that if a tax is voted for any purpose, other than those for which towns are empowered by law to vote and assess a tax, a collector could not justify taking either the property or body of an individual, under a rate-bill, and by virtue of a warrant to collect the same. The only question on this part of the plea is, whether it was necessary for the defendant to allege the purpose for which the tax was voted; or whether the plaintiff should, in his replication, have set forth the purpose, if he claims that the tax was illegal, as having been voted for a purpose not authorized. It is a question, which, in practice, will not be of much importance; as wherever it is made, it will generally be between members of the same corporation, or those liable to pay taxes in the town. The principal importance attached to it arises from this, that whichever party has to make the allegation must take the burthen of proof; and we are not insensible, that, taking either view of the case, imposing either upon the one or the other the burthen of proof, may subject them to some inconvenience and hardship; as it may, in some cases, be attended with difficulty, to ascertain the precise purpose for which a tax was voted. In another view, it would seem not to have so much importance attached to it; as the towns must always indemnify the collector against any damage he may sustain, where a recovery is had against him, on account of the want of power to lay the tax, or any illegality in granting the same. The same individual who recovers against the collector, in such a case, will generally

have to contribute his rateable proportion of a tax for the purpose of indemnifying the collector.  Taking into consideration, that all these taxes are to be laid for public purposes; that they are voted by the persons who have to pay the same; that the controversy is usually between inhabitants of the same town; we think it not unwarrantable, to make a presumption in favor of the legality of the proceedings of a town in voting a tax, until the contrary is made to appear; and to cast the burden of proving its illegality on the person contesting the same, if the tax was voted at a legal meeting of the inhabitants, in pursuance of a previous warning. It has been decided, that a proprietors' meeting must be taken, *prima facie*, to have been legally warned, if the records of the meeting state that it was legally warned and holden, &c.—*Britton* vs. *Lawrence and Clark*, 1 D. Chip. Rep. 103.   And it would clearly come within the principles of that decision, to say, that a tax voted at a town meeting, legally warned, must be deemed, *prima facie*, to be a legal tax.   A very strong authority for this presumption may be found in the case of *Clark* vs. *The Inspectors of Gas Light and Coal Company*, 4 Barn. and Adolph. 315. It is to be observed, also, that the purposes for which towns are authorized to vote a tax are very general and extensive, they may vote to raise such sums as they judge necessary, for the maintenance of the poor, for laying out, making and repairing highways, for building and repairing bridges, and for *all necessary and incidental charges*, in said town.   They are also empowered to prosecute and defend their common rights and interests, and if they may vote a tax, designating the purpose in terms as general as those mentioned in the statute, their powers in this respect are very extensive.   Towns having this extensive and general power of taxation, the taxes being voted by those who pay the same; it is considered, that wherever the inhabitants, at a meeting legally warned, vote a tax, it is to be intended, *prima facie*, that it was for a purpose for which they may legitimately raise money by tax.   It will follow, that it will be sufficient for any person justifying under a tax laid by a town, to state, that it was voted at a legal meeting of the town, duly warned; leaving those, who contest its validity, to specify the particulars wherein it is illegal or invalid.   This plea, therefore, is liable to no objection on account of not setting forth the purposes for which the tax was voted; nor was it necessary to state that it was a legal tax, as contended; the presumption and intendment being as we have already considered.

CHITTENDEN,
January,
1835.

Briggs
vs.
Whipple.

CHITTENDEN,
January,
1835.

Briggs
vs.
Whipple.

There are, however, other defects in this plea, which are fatal to it; probably arising from inattention or carelessness in the pleader. It is no where alleged, that any rate-bill, or warrant for collecting the tax, was ever delivered to the defendant; although it is stated, they were regularly made out and issued. Nor is it alleged, that, by virtue of any such warrant, or in pursuance of any directions therein contained, the defendant entered upon the land, or distrained the property for which this suit is brought. It is only by an inference, that we can learn that the tax-bill was ever committed to the defendant to collect; and this we find only in that part of the plea, where it is asserted, that he showed the same to the plaintiff.

The want of these allegations is something more than a want of form. They are such defects in substance, that the plea must be adjudged bad. The judgment must therefore be entered, that the plea is insufficient.