### STEPHEN CLEMONS *v.* HIRAM W. LEWIS.

*Taxes. Collector. Pleading. Bounty Money. Notice.*

If a plea of justification by a collector, under a rate bill and warrant to collect a tax voted by a town, sets forth the purpose for which the tax was voted in general terms merely, and that be one for which the town may raise money, it will be presumed that the exercise of the power was rightful unless the contrary appears.

Where the plea alleged that the tax was voted "for the purpose of paying bounty money which had been promised to volunteers who had enlisted from said

Clemons *v.* Lewis.

town of Wells and gone into the military service of the United States under the calls and requisition of the President thereof," it will be presumed that the volunteers to whom this money was to be paid, belonged to Vermont organizations, and if needful to make the tax valid, that the promise was made by the town. If the contrary was the truth, it should come by averment and proof from the party who contests the tax.

A direction in a tax warrant to the collector to pay over the tax, when collected, to the selectmen, instead of the treasurer, will not make it invalid.

The statute, (G. S. p. 530, §§ 10 and 11,) requiring the collector to keep a distress for taxes four days before advertising, and to give six days notice before selling, does not restrict him to this time, though he may not advertise and sell in less time.

But he must advertise and sell within a reasonable time after the four and six days respectively have expired.

TRESPASS, with a count in trover joined under the statute. The subject of the alledged trespass and conversion was a one horse lumber wagon of the property of the plaintiff. Plea, not guilty, and a plea in justification of the trespass and conversion complained of,—this last plea averring in substance that, at the time of the alleged trespass and conversion, the defendant was the collector of taxes of the town of Wells, and that he took the property in question as the property of the plaintiff, who was a ratable inhabitant of said town, and had a list therein for the year 1862, to satisfy a legal town tax against the plaintiff on his said list for that year ; and that this town tax had been duly voted by the town on the list of the polls and ratable estate in the town for the year 1862, for the purpose of paying bounty money, which had been promised to volunteers who had enlisted from the town of Wells, and gone into the military service of the United States under the calls and requisitions of the President thereof; and that a rate bill thereof, with a legal warrant for the collection of the same had been delivered to, and was in the hands of the defendant, as such collector, for collection, with direction to pay the same to the selectmen of Wells, on, &c. And that the plaintiff having been duly notified, &c., neglected and refused to pay the same, and that the defendant distrained the said wagon on the 5th day of February, 1863, and advertised it on the 13th, and sold it on the 21st day of said

month.  To the plea in justification the plaintiff demurred generally.  At the hearing on the demurrer at the September Term, 1863, KELLOGG, J., presiding, the court decided *pro forma*, that the plea was sufficient, and rendered judgment for the defendant on the demurrer.  To this decision and judgment the plaintiff excepted.

*B. Frisbie* and *Prout & Dunton*, for the plaintiff.

*J. B. Beaman* and *Dewey & Joyce*, for the defendant.

POLAND, CH. J.  The plaintiff takes three objections to the sufficiency of the defendant's plea.

1st.  That it does not appear that the purpose for which the tax was voted, was one for which the town had a right to raise money by a tax.

2d.  That the warrant under which the collector proceeded was invalid because it directed the collector to pay over the tax when collected, to the selectmen, instead of the treasurer.

3d.  That the collector's proceedings were illegal because he kept the property more than four days before advertising, and advertised it more than six days before the day of sale.

In the case of *Briggs* v. *Whipple*, 7 Vt. 15 ; it was decided that in a plea of justification by a collector of a town tax, it was not necessary to set forth the purpose or object for which the tax was voted ; that the legal presumption was, that it was voted for a lawful purpose, and that the burden was upon the party contesting its legality, both in pleading and proof.

If the collector in his plea sets forth the purpose for which the tax was voted, and that purpose appears to be an illegal one, or one beyond the corporate power of the town to raise a tax for, it would without doubt destroy his justification.

But if his plea sets forth the purpose in general terms merely, and that be one for which the town may raise money, it does not make it necessary that he should allege all the circumstances and particulars, to show that in the particular case the exercise of the power was rightful.  That will be presumed, unless the contrary appears.

If the plea alleges that the tax was voted, to pay debts and expenses of the town, or to support paupers, or to build or repair highways, it is not necessary he · should allege how the debts accrued, or for what purpose, or to whom payable, or that the town was liable to support the paupers, or how they became liable, or that the highways were such as the town were liable to build or repair, or how such liability arose.

In the defendant's plea it is alleged, that this tax was voted, "for the purpose of paying bounty money which had been promised to volunteers who had enlisted from said town of Wells, and gone into the military service of the United States under the calls and requisitions of the president thereof."

The plaintiff says that this allegation does not show that the money was lawfully voted; that the act of 1862, authorizing towns to raise money by tax to pay bounties to volunteers, only extends to those who have volunteered to serve in the regiments or companies of this state, and that it does not appear by the defendant's plea, that the volunteers to whom this money was to be paid, belonged to such regiments or companies, but might be in the regiments of other states. But it does not appear by the plea, that the volunteers enlisted from the town of Wells, to whom this money was to be paid, were not in the regiments of this state ; the legal presumption is that they were, if the contrary was the truth, it should come by averment and proof from the party who contests the tax.

It is objected that this was to raise money, " which had been promised to volunteers," &c., without saying by whom this promise had been made ; and the plaintiff says that the plea may be true, and this promise or obligation to the volunteers be that of some private person or persons, and therefore this money was to be raised to fulfill, not an obligation of the town, but of some private person.

This objection is answered sufficiently, in the same way as the other. It does not appear by the plea but this promise of bounties to the volunteers was made by the town, or the authorized agents of the town, and was a town obligation. If needful to. ake the tax valid, the presumption is that it was so. But tim

seems to us the more reasonable and natural construction of the language of the plea, that this was a promise by, or on behalf of the town.

In this connection, the plaintiff insists that so much of the act of 1862, as authorizes towns to raise money by tax to reimburse monies already paid to volunteers " by private subscription or from private means " is unconstitutional and void ; and this last objection is based upon the supposition that the money raised by this tax would fall within that part of the act. We find no occasion to enter upon an examination of this constitutional objection raised, as the plea in this respect stands clear of needing any aid from that part of the act. Conceding that the promise alluded to in the plea, had been made by private persons, instead of the town, the town were not disabled thereby to raise and pay the bounty. If they could raise and pay bounties to men to whom no promise whatever had been made, the existence of a promise from a private person, could not abridge their power. It does not appear from the plea, but that the bounties, which this tax was voted to pay, were paid, or to be paid, in the strictest conformity to the general provisions of the Act of 1862, which it is conceded conferred legal authority upon the towns to pass such votes. This objection to the plea must therefore be regarded as insufficient.

The second objection to the plea, that the collector is directed to pay over the tax when collected, to the selectmen, instead of the treasurer, is not in our judgment, entitled to much consideration.

There is no statute requiring taxes when collected to be paid by the collector to the treasurer, nor providing how tax warrants shall be made. Town treasurers are the general financial agents of the town, and the usual course is for collectors to pay over to them, and for tax warrants to so direct the collector. But the office of treasurer might be vacant, or the treasurer might be a defaulter, or insolvent, and good reasons exist why the money might not properly be paid to him.

But however this might be, and for whatever reason the warrant directed the money to be paid when collected to the select-

men, it was not a matter of concern to the plaintiff.   It in no way affected him, as the money was not to be paid over till collected.   The legal efficiency of the warrant was to authorize the collector to use compulsory legal measures to enforce collection against the tax payers, and the subsequent disposition of the money when collected, was a matter wholly between the town and its officers.   The remaining objection, that the collector in his proceedings was guilty of irregularity in keeping the property more than four days before advertising, and in selling more than six days after advertising, is not well founded.

The statute requires the collector to keep the property four days, after seizure before advertising, to enable the owner to pay his taxes and charges without further costs.   At the expiration of the four days, the collector is to advertise and sell the property, giving six days notice.   If this time is not given, the proceedings would doubtless be illegal, but the statute does not restrict him to this time, and if he gives more time, the statute is not violated.

If the statute were to receive the strict construction claimed by the plaintiff, that the advertising must be exactly at the end of four days from the seizure, and the sale just six days after the expiration of the four, the proceedings of a collector would often become wholly nugatory, and he made a trespasser by reason of a failure to follow up his process.   The four days, or the six days, might end on Sunday.   Many causes might arise to prevent the advertising, or sale, on the particular day.   If this is the true construction of the statute, the collector could not adjourn his sale, however great the exigency might be.   The great inconveniencies which would arise from such a construction of the statute, forbid our adopting it when the statute uses no language indicating an intention to bind the officer to advertise or sell at the exact expiration of the four or six days.   If the officer were to delay his proceedings unreasonably, whereby the owner of the property was subjected to expense in keeping the property or other damage, he would undoubtedly have a right to recover them of the collector in an action on the case, and I should not be prepared to say that a mere delay might not

be so great as to destroy the collector's right to proceed altogether.

This view we believe is in accordance with the long established understanding and practice under the statute, and I never before heard it questioned.

The cases cited from Massachusetts have no special application. Their statute is different from ours, and requires the posting and sale to be within a particular time.

The county court correctly held the defendant's plea sufficient, and the judgment is affirmed.