HON. HOYT H. WHEELER,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS.

---

### SERENO G. MACOMBER *v.* LEWIS O. CENTER.

#### *Taxes. Evidence. Presumption.*

Where the grand list is regular on its face it is to be presumed to be correct until the contrary is shown, therefore the *onus* is upon the defendant, in *assumpsit* against him to collect a tax, to impeach the regularity and legal validity of the list.

But if the plaintiff, who was the collector, volunteers to fortify this presumption in his favor, and calls the listers to prove notice to the defendant of the assessment, such evidence, so far as it has a tendency to disprove the legal presumption that the defendant had notice in fact, should be submitted to the jury.

GENERAL ASSUMPSIT, based upon sec. 34 of chapter 84, of the General Statutes, brought to recover certain taxes assessed against

the defendant in the town of Grand Isle in the years 1868–1869. Plea, general issue and notice.   Trial by jury, February Term, 1871, ROYCE, J., presiding.

It was conceded that the plaintiff was constable and collector of taxes for said town both of said years, and no question was made as to the validity of any of the proceedings in relation to the assessment or collection of any of said taxes, except as to the legality of the notice given to the defendant of said assessments.

The defendant never had any list in Grand Isle previous to 1868.   In the years 1868 and 1869 the defendant was assessed upon his poll and $2.000 in money.

The plaintiff, to prove notice to the defendant of said assessments and of the time and place of hearing appeals, introduced one Stephen P. Gordon as a witness, who testified that he was one of the listers for said town in 1868 and 1869, and that " we assessed him (defendant) and notified him by letter, and a day or two after I met him at Brown's Corner (a place in Grand Isle) and conversed with him, and he claimed he was improperly assessed."   This conversation referred to the assessment of 1868.  The above is all the testimony in the case upon the subject of notice to the defendant of said assessments ; and upon said testimony the court ordered a verdict for the defendant to recover his costs, to which the plaintiff excepted.

*Davis & Adams*, for the plaintiff.

*G. Harrington*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J.   This was an action of assumpsit, to recover certain taxes assessed against the defendant in the town of Grand Isle in the years 1868 and 1869, predicated on ch. 84, § 34, of the Gen. Statutes.   The exceptions state that " the plaintiff was constable and collector of taxes for said town both of said years, and no question was made as to the validity of any of the proceedings in relation to the assessment or collection of any of said taxes, except as to the legality of the notice given to the defendant of said assessments."

" The defendant never had any list in Grand Isle previous to 1868. In the years 1868 and 1869 the defendant was assessed upon his poll and $2.000 in money."

From this statement of the case we understand that the grand list ; the vote of the town ; and the tax-bill and warrant, were regular *in form*. And being regular on their face the tax was *prima facie* a legal tax. *Briggs* v. *Whipple*, 7 Vt., 15.

The grand list of the several towns is made by sworn officers, elected for that purpose, and returned into the town clerks' offices, under the public laws of the state, as the basis of taxation. It would be intolerable, as well as disastrous to the public interests, to require a collector of taxes, in order to justify the collection of the same, to go back of the grand list, upon which they were assessed, and prove, that every person, whose name appears in the list, was, in fact, the owner of every item of personal property set to him, and that it was legally appraised and set in the list, which the listers in their sworn return have certified that they had faithfully done, as the law enjoined.

The rule of law is very distinctly stated by PECK, J., in *Willson* v. *Seavey*, 38 Vt., 426. " The list being made by sworn officers, appointed for that purpose, and being regular on the face of it, it is to be presumed to be correct until the contrary is shown." The *onus* was therefore upon the defendant to impeach the regularity and legal validity of the list. But it seems that the plaintiff volunteered to fortify the presumption in his favor, and called one of the listers, Gordon, as a witness in his behalf, who testified that the listers " assessed defendant and notified him by letter. And that a day or two after he met defendant and he claimed that he was improperly assessed. This referred to the assessment of 1868." From this statement we should infer that defendant received the letter before his conversation with the listers a day or two afterwards; and that the letter contained the notice required by statute, viz : the " sum in which defendant was assessed; and the time and place, when and where" the listers would hear him in the premises, if he felt aggrieved. It could hardly be claimed that a statute notice sent by mail, and *actually received* by defe .-dant, would be of less validity than a like notice left at his count-

ing-room, which he might not have received.    And certainly such evidence, so far as it had a tendency to disprove the legal presumption that the defendant had notice in fact, and an opportunity to be heard, if he felt aggrieved by the assessment, was a matter for the jury.    For these reasons the judgment is reversed and case remanded.